
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

AUTO-OWNERS INS. CO.                    )
P.O. Box 30660                          )
Lansing, Michigan 48909                 )
                          Plaintiff,    )     Case No. 3:10-CV-456
                                        )     Varlan | Shirley
vs.                                     )
                                        )
OWL COATINGS, LLC, d/b/a                )
O-W-L ROOFING                           )
1400 Mingle Avenue                      )
Knoxville, TN 37921                     )
                                        )
     And                                )
                                        )
KELSEY BRANUM                           )
1205 Farrington Drive                   )
Knoxville, TN 37923                     )
                                        )
     And                                )
                                        )
G. STEVEN LEMARR                        )
5320 Cub Circle                         )
Morristown, TN 37814                    )
                                        )
     And                                )
                                        )
CINDY LEMARR                            )
5320 Cub Circle                         )
Morristown, TN 37814                    )
                                        )
                          Defendants.   )

## COMPLAINT

NOW COMES the Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), by and

through its counsel, and for its Complaint against the Defendants, OWL Coatings, LLC, Kelsey

Branum, G. Steven LeMarr, and Cindy LeMarr (collectively referred to as "Defendants" and/or

as "Indemnitors"), states as follows:

## PARTIES

1.     Plaintiff, Auto-Owners, is a Michigan corporation authorized to and conducting business in the State of Tennessee;

2.     Defendant, OWL Coatings, LLC, d/b/a O-W-L Roofing is, on information and belief, a limited liability company created under the laws of the State of Tennessee with its principal place of business being at 1400 Mingle Avenue, Knoxville, Tennessee 37921;

3.     Defendant, Kelsey Branum is a resident of the State of Tennessee with an address of 1205 Farrington Drive, Knoxville, Tennessee 37923;

4.     Defendants G. Steven LeMarr and Cindy LeMarr are each residents of the State of Tennessee with an address of 5320 Cub Circle, Morristown, Tennessee 37814;

## JURISDICTION AND VENUE

5.     Jurisdiction is proper in this Court pursuant 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 and the parties are residents of different states;

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all defendants live in the District where this action is being brought;

## STATEMENT OF FACTS

7.     On February 17, 2006, O-W-L entered into a subcontract with Rentenbach Constructors, Inc. to install a modified bituminous roofing system and clay tile roofing. The value of said contract was $248,967.00;

8.     The subcontract covered a project known as SBC No. 540/09.08.03 at the Baker Center for Public Policy at the University of Tennessee in Knoxville;

9.     Under the terms of the subcontract, O-W-L was to provide performance and payment bonds in the penal sum of $248,967.00. O-W-L did so on February 14, 2007 when

Auto-Owners issued on its behalf Bond No. 06741966318201 which consisted of a payment bond in the penal sum and a performance bond also in the penal sum. **Exhibit 1**;

10. Prior to Auto-Owners' issuance of the bonds, O-W-L and the other defendants each executed an Indemnity Agreement ("Indemnity") for the protection and benefit of Auto-Owners. **Exhibit 2 and Exhibit 2a**[1];

11. By the terms of the Indemnity, the defendants agreed, clause Second, to:

> indemnify the Company against all loss, costs, damages, expenses and attorneys fees whatever, and any and all liability therefor, sustained or incurred by the Company by reason of executing of said bond or bonds, or any of them, in making any investigation on account thereof, in prosecuting or defending any action brought in connection therewith, in obtaining a release therefrom, and in enforcing any of the agreements herein contained

12. By the terms of the Indemnity, at clause Third (b), the defendants agreed that Auto-Owners ("the Company") had the right, but not the obligation:

> To adjust, settle or compromise any claim, demand, suit, or judgment upon said bond or bonds, or any of them, unless the undersigned shall request the Company to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Company, at the time of such request, cash or collateral satisfactory to it in kind and amount, to be used in paying any judgment or judgments rendered or that may be rendered, with interest, costs and attorneys' fees

13. In reliance on the provisions of the Indemnity, Auto-Owners issued the requested bonds;

14. On January 6, 2010, Rentenbach wrote O-W-L (with a copy to Auto-Owners' agent that issued the bond) to advise that at least one of the clay tile gable roofs would have to be replaced. If O-W-L did not do so by a date certain, then Rentenbach would consider O-W-L in default and hire a replacement contractor. **Exhibit 3**;

---

[11] A diligent search has failed to uncover a legible copy of the indemnity agreement. Therefore, Exhibit 2 is the best of what has been located and Exhibit 2a is a template form of the same agreement.

15. On March 4, 2010, Rentenbach again notified Auto-Owners of a second section of the clay tile roof in need of replacement. **Exhibit 4.** Rentenbach demanded O-W-L undertake repairs or else Rentenbach would hire a replacement contractor. As per the first such demand, O-W-L was silent;

16. On March 15, 2010, Rentenbach copied Auto-Owners on a letter written to O-W-L declaring O-W-L in default and demanding a cure by March 23, 2010. **Exhibit 5;**

17. On May 14, 2010, Rentenbach notified Auto-Owners that it had completed the remediation using another contractor and was submitting a claim against the bond in the amount of $111,613.49. **Exhibit 6;**

18. On June 17, 2010, Auto-Owners, through counsel, made written demand on the three individual indemnitors named as defendants in this action. **Exhibit 7.** The demand, made pursuant to the Indemnity Agreement was for immediate payment to Auto-Owners of $9,754.29 in expenses incurred to date investigating the claim of Rentenbach plus the immediate payment to Rentenbach of its claim against the bond. Neither payment was ever made;

19. On July 15, 2010, Auto-Owners settled the claim with Rentenbach in the amount of $92,000. **Exhibit 8;**

20. Auto-Owners has suffered additional costs to handle the claim beyond the $9,754.29 demanded in June. Presently, the expenses incurred by Auto-Owners amount to $17,787.12 and will continue to increase, including attorneys fees, until resolution of this matter.

### COUNT I –CONTRACTUAL INDEMNIFICATION/REIMBURSEMENT

21. Auto-Owners incorporates Paragraphs 1-20 above as though fully restated herein.

22. Pursuant to the terms of the Indemnity Agreement, the Indemnitors agreed to:

indemnify the Company against all loss, costs, damages, expenses and attorneys fees whatever, and any and all liability therefore, sustained or

4

incurred by the Company by reason of executing of said bond or bonds, or any of them, in making any investigation on account thereof, in prosecuting or defending any action brought in connection therewith, in obtaining a release therefrom, and in enforcing any of the agreements herein contained

*See* Exhibit 2a, at Second.

23.     Auto-Owners has incurred total losses, costs, expenses, investigative costs, and attorneys' fees as a result of issuing the bonds on behalf of OWL Coatings, LLC as of August 6, 2010, in the amount of **$109,787.12**.

24.     Auto-Owners will continue to incur losses, costs, expenses, investigative costs, and attorneys' fees as a result of issuing bonds on behalf of OWL Coatings, LLC until this lawsuit is resolved and all of the bonds issued on behalf of OWL Coatings, LLC have been cancelled.

25.     Pursuant to the terms of the Indemnity Agreement, the Indemnitors are obligated to indemnify Auto-Owners for all of its losses, costs, expenses, investigative costs, and attorneys' fees already incurred and/or incurred in the future as a result of issuing bonds on behalf of OWL Coatings, LLC.

### COUNT II - COMMON LAW INDEMNIFICATION/REIMBURSEMENT

26.     Auto-Owners incorporates Paragraphs 1-25 above as though fully restated herein.

24.     Auto-Owners acted as Surety for OWL Coatings, LLC when it issued bonds naming O-W-L as Principal.

25.     Pursuant to the common law of the state of Tennessee, as Principal on the bonds, O-W-L is obligated to indemnify its Surety, Auto-Owners, for all losses, costs, expenses, investigative costs, and attorneys' fees incurred by Auto-Owners as a result of issuing the bonds on behalf of O-W-L.

26.     As of August 6, 2010, Auto-Owners has incurred total losses, costs, expenses, investigative costs and attorneys' fees in the amount of **$109,787.12** as a result of issuing the bonds.

27.     Auto-Owners continues to incur losses, costs, expenses, investigative costs, and attorneys' fees as a result of issuing bonds on behalf of O-W-L.

28.     Auto-Owners is entitled to indemnification from its Principal, OWL Coatings, LLC d/b/a O-W-L Roofing, for all of its losses, costs, expenses, investigative costs, and attorneys' fees incurred as a result of issuing bonds on behalf of O-W-L.

**NOW, WHEREFORE,** the Plaintiff, Auto-Owners Insurance Company, prays for the following relief:

1.     Judgment on Count I against the Defendants, OWL Coatings, LLC d/b/a O-W-L Roofing, Kelsey Branum, G. Steven LeMarr and Cindy LeMarr, jointly and severally, for all of the losses, costs, expenses, investigative costs, and attorneys' fees incurred by Auto-Owners as a result of issuing bonds on behalf of O-W-L, including Auto-Owners' losses, costs, expenses, investigative costs and attorneys' fees incurred as of August 6, 2010, in the amount of **$109,787.12**, plus additional costs incurred herein including reasonable attorneys fees.

2.     Judgment on Count II against Defendant, OWL Coatings, LLC, for all of the losses, costs, expenses, investigative costs, and attorneys' fees incurred by Auto-Owners as a result of issuing bonds on behalf of O-W-L, including Auto-Owners' losses, costs, expenses, investigative costs and attorneys' fees incurred as of August 6, 2010, in the amount of **$109,787.12**, plus such costs incurred herein including reasonable attorneys fees.

3.     Judgment for any and all other relief which the Court may deem appropriate.

Respectfully submitted,

_____
ROBERT A. CRAWFORD, BPR #7396
KRAMER RAYSON LLP
P.O. Box 629
Knoxville, TN 37901
(865) 525-5134
rcrawford@kramer-rayford.com
*Counsel for Plaintiff, Auto-Owners Ins. Co.*